**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**EDWARD E. HOUSE, #81745**                                           **PETITIONER**

**VERSUS**                                   **CIVIL ACTION NO. 2:12-cv-52-KS-MTP**

**RON W. KING, Superintendent**                                      **RESPONDENT**

## <u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  On March 29, 2012, Petitioner House, an inmate of the Mississippi Department of Corrections ("MDOC"), currently incarcerated at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1]  Petitioner filed his response [ECF No. 4] to the Court's order [ECF No. 3] to amend regarding the exhaustion of his state court remedies on April 18, 2012.  Upon review of the Petitioner's pleadings and applicable case law, the Court finds as follows.

<u>Background</u>

Petitioner states that MDOC recently recalculated his term of incarceration which moved his tentative release date from November 6, 2011, to June 1, 2018.  Petitioner claims that his constitutional rights are being violated because MDOC has essentially changed his criminal sentence without court approval.  As relief, Petitioner is seeking his immediate release from incarceration.

It appears from the responses to Petitioner's grievances filed with the MDOC

---

[1]A state inmate's challenge to the administration of his sentence or his eligibility for good conduct time is properly pursued as a § 2254 petition.  *See Propes v. Quarterman*, 573 F.3d 225, 230 (5th Cir. 2009);  *Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir. 1991).

administrative remedy program, that Petitioner has attached to his filings, that he is currently serving a mandatory sentence for a conviction of taking contraband (controlled substance) into a penal facility.  The responses state that Petitioner was removed from trusty status on March 9, 2010, to serve this mandatory sentence, and once this time is completed he will then serve non-mandatory time for another conviction which will allow him to qualify for trusty time.  Petitioner has attached [ECF No. 1-6] a copy of a sentencing order from the Circuit Court of Sunflower County that imposes a three- year term of imprisonment in the custody of MDOC, "with no eligibility for probation, parole, suspension of sentence, earned time allowance or any other reduction of sentence" for his conviction of taking contraband into a penal facility.

An order [ECF No. 3] was entered directing Petitioner to file a written response to "specifically state if [he] has filed an appeal of his administrative remedy final response regarding his sentence calculation and claim that his term of imprisonment is being incorrectly calculated with the state courts."  Petitioner was also directed to "specifically state if he has filed (other than an appeal of his administrative remedy) any petitions, applications or motions with respect to his claim that his sentence or term of imprisonment is being incorrectly calculated in any court, state or federal" and Petitioner was directed to provide certain information about any filings.  Petitioner was further directed to "state if he has filed a motion for  relief  under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29, regarding the claims presented in this habeas petition."  Petitioner filed his response [ECF No. 4], wherein he states that he has not filed any actions with the state courts regarding the calculation of his sentence and the claims presented in this

suit.

Analysis

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that Petitioner has failed to exhaust his available state remedies.  Therefore, this petition for habeas relief will be dismissed.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief.  *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996).  Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

> > (A)  the applicant has exhausted the remedies available in the courts of the State; or

> > (B)(i) there is an absence of available State corrective process; or

> > (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

* * * * * * * *

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838

3

(1999).  "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief."  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

Clearly, the Petitioner has an available procedure to challenge MDOC's calculation of his sentence with the state courts of Mississippi. *See. e.g., Stokes v. State,* 984 So.2d 1089 (Miss.Ct.App. 2008)(inmate appealed  MDOC's denial of administrative remedy regarding calculation of his sentence); *Horton v. Epps*, 966 So.2d 839, 840-41 (Miss.Ct.App. 2007)(county of incarceration found to be proper venue for inmate's claim that he was entitled to trusty earned time);  *Guy v. State*, 915 So.2d 508, 510 (Miss.Ct.App. 2005)(inmate contested computation of time which would allow early release); *Hill v. State*, 838 So.2d 994, 996-98 (Miss.Ct.App. 2003)(inmate allowed to maintain claims regarding alleged mis-computation of sentence credits);  *Lee v. Kelly*, No. 2008-CP-01782-COA, 2010 WL 522696 (Miss.Ct.App. Feb. 16, 2010)(inmate challenged MDOC's computation of sentence and eligibility for release).  Since Petitioner clearly states that he has not pursued his claims, in any form, with the state courts, this habeas corpus petition will be dismissed, without prejudice, for failure to exhaust his available state remedies.

A Final Judgment in accordance with this Memorandum Opinion will be issued this date.

SO ORDERED, this the <u>26th</u> day of April, 2012.

<u>s/Keith Starrett</u>
UNITED STATES DISTRICT JUDGE
